# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3409

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Jeffrey Welker, | * | **[UNPUBLISHED]** |
| | * | |
| Appellant. | * | |

_____

Submitted: June 18, 2010
Filed: June 25, 2010

_____

Before LOKEN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jeffrey Welker pleaded guilty to conspiring to distribute and possess with intent to distribute less than 50 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846, and 18 U.S.C. § 2, and to possessing a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. He also pleaded guilty to two forfeiture counts, agreeing to forfeit cash and guns. In accordance with Welker's written plea agreement, which the district court[1] accepted pursuant to Rule 11(c)(1)(C) of the

_____

[1]The HONORABLE JOSEPH F. BATAILLON, Chief Judge, United States District Court for the District of Nebraska.

Federal Rules of Criminal Procedure, the court imposed prison terms of 84 months on the drug conspiracy count and 60 months on the gun count, to run consecutively, and 3- and 5-year concurrent terms of supervised release. On appeal, Welker's counsel seeks leave to withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), in which he raises as an issue the reasonableness of the court's sentence. Welker has filed a pro se supplemental brief.

The written plea agreement in this case contains an appeal waiver, which we will enforce. Welker argues in his pro se brief that we should not enforce the waiver, because the district court's plea colloquy was not comprehensive enough to ensure that he understood the appeal waiver and entered into it voluntarily. After careful review of the plea transcript in this case, we are satisfied that Welker entered into both the plea agreement and the appeal waiver knowingly and voluntarily, as demonstrated by his sworn responses to the district court's questions during the change-of-plea hearing. <u>See</u> <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977). Further, the waiver covers the arguments raised in this appeal, and given that Welker received the very sentence that he agreed to in his plea agreement, we see no miscarriage of justice in dismissing the appeal. <u>See</u> <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc).

Finally, having reviewed the record pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal that are not covered by the appeal waiver. Accordingly, we dismiss this appeal, and we grant counsel leave to withdraw.

_____